IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CHANTEL MITCHELL,

                Plaintiff,

      v.                                  Case No. 3:22-cv-00183-SLG-KFR

OFFICE DEPOT, INC.,

                Defendant.

**FINDINGS AND RECOMMENDATIONS ON
MOTION TO DISMISS UNDER 12(b)(6)**

The Court recommends Defendants' Rule 12(b)(6) Motion to Dismiss at Docket 23 be **GRANTED**. Plaintiff's Amended Complaint is time-barred. Plaintiff has not met her burden in proving that she diligently pursued her rights and that extraordinary circumstances prevented her from timely filing.

**I.    Procedural History and Motions Presented**

On August 9, 2022, Chantell Mitchell ("Plaintiff"), a self-represented litigant, filed a civil complaint alleging employment discrimination under 42 U.S.C. §2000e, *et seq.*, and denial of civil rights under 42 U.S.C. § 1983, by Defendant Office Depot, Inc.[1] The Court screened Plaintiff's Complaint and dismissed each claim with leave to amend. As to Plaintiff's employment discrimination claim, the Court dismissed this claim because Plaintiff's Complaint did not demonstrate she had obtained the required Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"), also known as a "'Right to Sue' letter."[2] The Court dismissed Plaintiff's § 1983 claim because her Complaint failed to state a permissible state actor who violated her civil rights.[3]

---

[1] Doc. 1 at 7-10.
[2] Doc. 8.
[3] *Id.*

In response, Plaintiff filed a Right to Sue letter,[4] voluntarily dismissed her § 1983 claim,[5] and filed her Amended Complaint limiting her suit to a 42 U.S.C. §2000e employment discrimination claim.[6] Plaintiff seeks in her Amended Complaint "$8,000,000.00 (or the highest amount the court can authorize)" in damages.[7]

The Court issued an Order directing service and response.[8] Defendant was properly served and filed the present Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) on July 27, 2023, arguing that Plaintiff's claim is time barred.[9] Plaintiff responded in opposition, and Defendants replied.[10]

In reaching its findings and making its recommendations, the Court has considered all relevant filings. Oral argument on the Motion to Dismiss is not necessary.

## II. Relevant Proffered Facts

Plaintiff's Amended Complaint raises one cause of action: employment discrimination in violation of 42 U.S.C. §2000e, *et. seq.* Specifically, Plaintiff alleges that her former employer, Defendant Office Depot, Inc., discriminated against her by failing to promote her because of her race or color.[11]

Plaintiff filed a discrimination complaint against Defendant on February 28, 2020, with the Anchorage Equal Rights Commission ("AERC") and authorized the AERC to release her information to the EEOC.[12] The AERC completed its investigation, determined Plaintiff's allegation were not supported by substantial evidence, and closed Plaintiff's case on January 11, 2022.[13]

---

[4] Doc. 9.
[5] Doc. 11.
[6] Doc. 13.
[7] *Id.* at 14.
[8] Doc. 19.
[9] Docs. 21 and 23.
[10] Docs. 24-25 and 27.
[11] Doc. 13 at 14.
[12] Doc. 23-2.
[13] Doc. 23-3.

Report and Recommendation on Motion to Dismiss    2
*Mitchell v. Office Depot, Inc.*

Plaintiff sought reconsideration of AERC's denial of her complaint, which the AERC denied.[14] The EEOC subsequently adopted AERC's determination on April 22, 2022, and notified Plaintiff in its "Right to Sue letter" that she had 90 days to file suit.[15] Plaintiff received the letter on May 2, 2022, meaning that the statutory 90-day window closed on July 31, 2021.[16] Plaintiff filed her federal lawsuit on August 9, 2022, nine days beyond the statutory period.[17]

## III. Applicable Law

### a. Motion to Dismiss under Rule (12)(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.[18]

On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party.[19] The Court may not dismiss a "complaint containing allegations that, if proven, present a winning case … no matter how unlikely such winning outcome may appear to the district court."[20] Nonetheless, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."[21] "[O]nly pleaded facts, as opposed to legal conclusions, are entitled to assumption of the truth."[22]

A "formulaic recitation of the elements of a cause of action" will not defeat a motion to dismiss.[23] The complaint must contain sufficient factual matter, accepted

---

[14] Doc. 23-4.
[15] Doc. 13 at 16-17.
[16] *Id.* at 15.
[17] Doc. 12 at 2-3.
[18] *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011).
[19] *Sateriale v. R.J. Reynolds Tobacco Co.,* 697 F.3d 777, 783 (9th Cir. 2012) (citation omitted).
[20] *Balderas v. Countrywide Bank, N.A.,* 664 F.3d 787, 791 (9th Cir. 2011).
[21] *Fayer v. Vaughn,* 649 F.3d 1061, 1064 (9th Cir.2011) (citations omitted).
[22] *United States v. Corinthian Colls.,* 655 F.3d 984, 991 (9th Cir. 2011) (citation omitted).
[23] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

Report and Recommendation on Motion to Dismiss    3
*Mitchell v. Office Depot, Inc.*
Case 3:22-cv-00183-SLG-KFR    Document 29    Filed 11/17/23    Page 3 of 12

as true, to "state a claim to relief that is plausible on its face."[24] "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[25] Moreover, the Court need not accept as true allegations that contradict the complaint's exhibits, documents incorporated by reference, or matters properly subject to judicial notice.[26]

### b. Timing Requirements for Filing Suit

Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, prohibits employment discrimination based on race, color, religion, sex, and national origin.[27] Before bringing a claim under 42 U.S.C. § 2000e, a plaintiff must file an agency complaint with either the EEOC or the equivalent state agency, such as the Alaska State Commission for Human Rights (ASCHR).[28] If the agency complaint is eligible, it may be shared and cross-filed between the ASCHR and the EEOC, and each agency may complete their own investigation.[29] Regardless of how the agency complaint originates, a litigant generally cannot proceed to federal court without a Notice of Right to Sue from the EEOC ("'Right to Sue' letter").

After receiving a "Right to Sue" letter, Plaintiff may file suit under 42 U.S.C. § 2000e in federal district court. A sufficiently pled claim under 42 U.S.C. § 2000e must allege the following elements: (1) the plaintiff belongs to a protected class (such as race); (2) the plaintiff was qualified for her position; (3) the plaintiff was subject to an "adverse employment action"; and (4) other similar individuals were either treated more favorable or the position was filled by someone outside the

---

[24] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).
[25] *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556–57).
[26] *Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).
[27] 42 U.S.C. § 2000e.
[28] 42 U.S.C. § 2000e-5(e) (Complaints must be filed with the (1) EEOC within 180 days or (2) ASHRC within 300 days of the incident.).
[29] *See* 42 U.S.C. § 2000e-5.

Report and Recommendation on Motion to Dismiss 4
*Mitchell v. Office Depot, Inc.*
Case 3:22-cv-00183-SLG-KFR   Document 29   Filed 11/17/23   Page 4 of 12

plaintiff's protected class.[30] Suits must generally be brought within 90 days of receipt of the Right to Sue letter.[31]

Failure to obtain a federal "Right to Sue" letter or filing a claim outside of the 90-day window does not preclude federal jurisdiction. While Title VII requires that plaintiffs timely exhaust administrative remedies, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."[32] Title VII's timeliness provision remains separate from Title VII's jurisdictional provisions and "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts."[33]

Equitable tolling is "unavailable in most cases."[34] "[T]he threshold necessary to trigger equitable tolling … is very high, lest the exceptions swallow the rule."[35] To establish equitable tolling, Plaintiff must show "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in her way."[36] "Equitable tolling applies … when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."[37] For instance, courts may toll deadlines "because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error."[38]

A plaintiff is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the plaintiff must establish both.[39]

---

[30] *See Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 691 (9th Cir. 2017) (quoting *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007)).
[31] *Ioane v. Hawaii*, 8 Fed.Appx. 662, 663, 2001 WL 399465, at *1 (9th Cir. 2001).
[32] *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982).
[33] *Id.* at 394.
[34] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (courts apply the doctrine of equitable tolling "sparingly.").
[35] *Miranda*, 292 F.3d at 1066 (internal quotation and citation omitted).
[36] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[37] *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (citation omitted).
[38] *Lona v. Barr*, 958 F.3d 1225, 1230-32 (9th Cir. 2020) (quoting *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003)); *Dartora v. United States*, 522 F.Supp.3d 823, 828 (E.D.Wash., 2021).
[39] *Pace*, 544 U.S. at 408.

Report and Recommendation on Motion to Dismiss
*Mitchell v. Office Depot, Inc.*
5
Case 3:22-cv-00103-SLG-KFR    Document 29    Filed 11/17/23    Page 5 of 12

The Ninth Circuit has instructed that "relief from strict construction of a statute of limitations is readily available in extreme cases" but that "[c]ourts have been generally unforgiving, however, when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'"[40]

**IV. Motion to Dismiss for Failure to State a Claim Under 12(b)(6)**

    **a. Arguments**

According to Plaintiff's Amended Complaint, she received her "Right to Sue letter" on May 2, 2022.[41] Plaintiff filed her complaint 99 days after receipt of this letter, nine days after the statutory deadline had passed. Plaintiff argues that the circumstances surrounding her late-filed complaint were unavoidable and offers several reasons in support of this argument for equitable tolling.[42]

First, Plaintiff states she was "diagnosed with COVID-19 during the allocated 90 day window to file her claim and suffered various symptoms that inhibited her from being capable of completing her claim on time."[43] Second, Plaintiff states that her COVID-19 symptoms "made it impossible for her to physically or mentally focus on anything other than recovering."[44] Finally, Plaintiff says she always planned to file her complaint during the last week of the 90 day period and that filing it early was not feasible because she worked full time,[45] and "spent a considerable amount of time seeking counsel [] and researching federal law before ultimately deciding to draft the Complaint herself and proceed as a Pro Se Litigant."[46]

---

[40] *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992) (affirming denial of equitable tolling in Title VII action) (quoting *Irwin*, 498 U.S. at 96).
[41] Doc. 13 at 15.
[42] Doc. 24 at 4.
[43] *Id*.
[44] *Id*. at 7.
[45] *Id*. at 10.
[46] *Id*. at 9. In support of her arguments, Plaintiff cites several court cases, all but one of which are out district cases and not binding on this Court. Plaintiff cites *Page v. Houser*, 2020 WL 8920727, at *1, a 2020 case from this district. *Page* involved an extension pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). The standard under that rule requires a timely filed motion to extend and a showing of excusable neglect or good cause. That standard differs starkly from the higher standard Plaintiff must overcome for her statute of limitations claim, which requires her to show that the delay was caused by an "extraordinary circumstance."

Report and Recommendation on Motion to Dismiss     6
*Mitchell v. Office Depot, Inc.*

Defendant argues that equitable tolling is not warranted because Plaintiff has not met her burden in proving that her case is not the "garden variety" type of excusable neglect to overcome the justification for equitable tolling.[47] In support of that contention, Defendant makes multiple arguments. First, Defendant's claim that Plaintiff had ample time before she was diagnosed with COVID-19 to file her Complaint,[48] as well as 11 days after.[49] Second, Defendant argue that Plaintiff failed to exercise due diligence in filing her complaint, and that seeking counsel during that time and conducting legal research do not constitute "extraordinary circumstances" warranting tolling.[50] Third, Defendant asserts that Plaintiff's self-diagnosis of post-viral fatigue and fatigue do not warrant equitable tolling or explain why she was unable to file her two-and-a-half-page complaint during the 11 days after her quarantine period.[51] Fourth, Defendants argue that the cases cited by Plaintiff are either not applicable or not binding on this Court. Finally, Defendant state that COIVD-19 in 2022 was substantially different than in 2020 and 2021, which is the timeframe of the caselaw Plaintiff relies in part on[52], and that an otherwise healthy 30-year-old contracting COVID-19 does not constitute extraordinary circumstances warranting tolling.[53]

**b. Analysis**

The Court does not find that Plaintiff has met the standard for equitable tolling. Based on the record before it, Plaintiff cannot demonstrate that extraordinary circumstances stood in the way of her timely filing and that she pursued her rights diligently as defined under the law.

Plaintiff offers two general justifications for missing the filing deadline. The first involves her COVID-19 illness, which both directly incapacitated Plaintiff, and

---

[47] Doc. 23 at 6-8
[48] Doc. 23 at 9 and Doc. 27 at 5-7.
[49] Doc. 27 at 6.
[50] Doc. 23 at 9; Doc. 27 at 7.
[51] Doc. 27 at 4-5.
[52] Doc. 27 at 3.
[53] Docs. 23 at 10 and 27.

Report and Recommendation on Motion to Dismiss 7
*Mitchell v. Office Depot, Inc.*
Case 3:22-cv-00103-SLG-KFR Document 29 Filed 11/17/23 Page 7 of 12

whose lingering effects prevented her from meaningfully preparing and filing her claim within the 90-day window. Second, Plaintiff claims that she delayed filing her complaint because she worked full time, was seeking counsel, and was conducting legal research. The Court does not find either of these justifications to rise to the level of an extraordinary circumstance.

The Court has reviewed decisions of courts in this district, as well as others, in analyzing the circumstances under which the COVID-19 pandemic may justify equitable tolling. Specifically, courts have held that although the COVID-19 pandemic itself was extraordinary, to avoid dismissal via equitable tolling, a plaintiff must plead facts indicating that it was the pandemic that caused the untimely filing.[54] Plaintiff has not done that in this case.

Plaintiff argues that the COVID-19 pandemic presented extraordinary circumstances beyond her control. However, she fails to allege any facts that the pandemic itself was the cause of her failure to timely file.[55] Furthermore, she does not present sufficient facts to support the argument that her illness, as opposed to the pandemic, "made it impossible" to initiate her lawsuit within the 90-day

---

[54] *See, e.g., Smith v. United States*, 2021 WL 5910486, *4 (W.D. Wash. 2021), report and recommendation adopted, 2022 WL 36896 (W.D. Wash. 2022) ("[A]lthough a plaintiff may be able to show that circumstances related to COVID-19 are sufficiently extraordinary to trigger equitable tolling, the COVID-19 pandemic does not automatically warrant equitable tolling for any plaintiff who seeks it on that basis, because the plaintiff must establish … that the COVID-19 pandemic specifically prevented him from filing his claim.") (cleaned up); *United States v. Melara*, 2022 WL 1157374, *3 (D. Mass. 2022) ("[T]he COVID-19 pandemic is not an adequate excuse for an untimely filing if a petitioner has not … shown a specific difficulty to submit a timely filing."); *United States v. Turner*, 2021 WL 4256304, *3 (W.D. Ark. 2021), report and recommendation adopted, 2021 WL 4255637 (W.D. Ark. 2021) ("The COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing this motion.")
[55] *See Lewis v. Postmaster Gen. of United States*, 2022 WL 109007, *2 (3d Cir. 2022) ("Although Lewis alleges that Covid-19 was the cause of the EEOC's delayed response, he fails to connect the pandemic to his specific situation.").

Report and Recommendation on Motion to Dismiss 8
*Mitchell v. Office Depot, Inc.*

period.⁵⁶ Plaintiff asserts that COVID made her "physically or mentally debilitated"⁵⁷ and "made it impossible for her to physically or mentally focus on anything other than recovering."⁵⁸ However, by Plaintiff's own admission she was working during this period, attempting to hire an attorney, and conducting legal research. A mere claim of having had COVID-19 and being subsequently affected by it are insufficient to establish "extraordinary circumstances."⁵⁹

Even if the Court were to fully credit Plaintiff's claims regarding COVID and its lingering impact on her, this would still not rise to one of the rare cases in which extraordinary circumstances would justify equitable tolling. There is nothing in Plaintiff's complaint demonstrating that her illness prevented Plaintiff from pursuing her claim.⁶⁰ To rise to the level of extraordinary circumstances, illnesses must generally be so severe as to render someone totally incapable or incompetent to file a claim.⁶¹ Those are not the facts in this case.

---

⁵⁶ *Williams v. Santos*, 2022 WL 2176582, *4 (C.D. Cal. 2022); *see also Gomez v. Henry Street Settlement*, 2021 WL 4943509, at *6 (S.D.N.Y. July 27, 2021) ("Similarly, the disruption caused by the COVID-19 pandemic – which of course affected all New Yorkers in the spring of 2020, not just plaintiff – is not, standing alone, 'sufficient to warrant equitable tolling' absent a more specific personal showing (for example, that a specific government-imposed restriction prevented him from meeting his filing deadline).") (citing *Hood v. Catholic Health Systems, Inc.*, 2020 WL 8371205, at *3-5 (W.D.N.Y. September 28, 2020).
⁵⁷ Doc. 24 at 6.
⁵⁸ *Id.* at 7.
⁵⁹ *Cole v. Shinn*, 2023 WL 4424561, at *8 (D.Ariz. 2023) ("[A] positive Covid-19 test result does not, in of itself, constitute an extraordinary circumstance."); s*ee also Dominicus v. Burton*, No. CV 21–2797–VBF (JEM), 2021 WL 4394593, at *4 (C.D. Cal. July 2, 2021) (finding "Petitioner's allegations regarding his COVID-19 diagnosis" inadequate to establish equitable tolling for additional time because the allegations were "wholly conclusory, [and] unsubstantiated"); *United States v. Sayetsitty*, Nos. CR 94–243 PCT RCB & CIV 05–1580 PCT RCB (JI), 2006 WL 1722300, at *9 (D. Ariz. Apr. 17, 2006 & June 19, 2006) ("Movant asserts that he has contracted a virus in the prison, resulting in various symptoms. However, Movant does not assert how these symptoms commenced, when they terminated, or how they kept him from filing a timely motion. Movant fails to make out a claim for equitable tolling on this issue.").
⁶⁰ *See, e.g., Lopez v. Citibank, N.A.*, 808 F.2d 905, 906–07 (1st Cir.1987) (holding that where the plaintiff was able to pursue his claim despite illness, equitable tolling was not warranted); *see also Moody v. Bayliner Marine Corp.*, 664 F.Supp. 232, 236 (E.D.N.C.1987) (holding that panic disorder suffered by plaintiff did not constitute "exceptional circumstances" such that she was prevented from pursuing her claim).
⁶¹ *See Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996); *see also Vlad-Berindan v. LifeWorx*, Inc., 2014 WL 1682059, at *7 (E.D.N.Y. Apr. 28, 2014) (finding

Report and Recommendation on Motion to Dismiss    9
*Mitchell v. Office Depot, Inc.*
Case 3:22-cv-00103-SLG-KFR   Document 29   Filed 11/17/23   Page 9 of 12

Furthermore, Plaintiff's argument that her full time work and attempts to retain counsel similarly fall short of the standard necessary to find extraordinary circumstances. The Court cannot find that failed attempts to retain counsel constitute extraordinary circumstances.[62] Plaintiff's situation can hardly be considered "extraordinary" given that most non-legally trained Plaintiffs seeking to file suit would find themselves similarly situated – attempting to pursue legal action, and possibly retain counsel, while also balancing the demands of full-time employment. Indeed, given that Plaintiff did in fact file her complaint nine days after the filing deadline had passed, it is not apparent that Plaintiff's attempts to hire an attorney or her full time work deprived her of the ability to file her complaint.[63]

In addition to finding that extraordinary circumstances do not exist in this case, the Court also finds that Plaintiff was not reasonably diligent in pursuing her claim. Plaintiff's claim that she intended to wait until the final week of the 90 day period before filing is in the Court's view evidence of procrastination, as opposed to diligent pursuit. As Defendant argues, even if the Court were to fully credit Plaintiff's claims about the debilitating nature of her COVID-19 illness, Plaintiff lost only a limited time to the virus, and had time before and after her illness to pursue

---

equitable tolling were plaintiff "was unable to manage her affairs and…was incapable of comprehending her legal rights.", aff'd sub nom. *Vlad-Berindan v. Life Worx Inc.*, 599 F. App'x 415 (2d Cir. 2015); *DaCosta v. Union Local 306*, 2009 WL 2986388, at *11 (S.D.N.Y. Aug. 12, 2009) (plaintiff was not entitled to equitable tolling where he failed to show that his paranoid schizophrenia, anxiety, frustration, anger, and memory troubles were so severe that they rendered him unable to pursue his legal rights); *Victorial v. Burge*, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) (litigant was required to "demonstrate some form of incapacitation due to the mental illness that affected his ability to act with due diligence during the time period at issue").

[62] *See e.g. Crocker v. WellStar Health System, Inc.*, 2021 WL 2480112 (N.D.Georgia March 2, 2021) (finding no equitable tolling were retained counsel withdrew after 30 days, leaving Plaintiff 60 days to hire new counsel or file pro se complaint).

[63] *See Brown v. John Deere Prod., Inc.*, 460 F. App'x 908, 910 (11th Cir. 2012) (equitable tolling not justified where the facts do not indicate that the alleged challenges deprived Plaintiff of the ability to timely file); *see also Martin v. Piedmont Airlines*, 916 F.Supp.2d 11, 14 (D.D.C. 2013) (declining to invoke equitable tolling where the pro se litigant "attribute[d] his delay to his inability to obtain legal advice … or to retain legal counsel").

her claim. That time was sufficient and Plaintiff's failure to timely file can only be considered a failure to diligently pursue her claim.[64]

### V. Conclusion

Plaintiff must establish both that "extraordinary circumstances" prohibited her timely filing of a Complaint and that she acted with reasonable diligence in pursuing her claims to qualify for equitable tolling.[65] The Court finds that Plaintiff has not alleged sufficient facts to establish either. Equitable tolling based on the COVID-19 pandemic and attendant circumstances is inappropriate in this case, the Court cannot find that "extraordinary circumstances" prevented her from timely filing her Complaint, or that she pursued her filing reasonably diligently. Plaintiff, therefore, fails to state a claim upon which relief may be granted under Rule 12(b)(6). The Court therefore recommends that Defendants Motion to Dismiss be **GRANTED**.

DATED this 17th day of November, 2023 at Anchorage, Alaska.

s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

### NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the

---

[64] *See Scholar*, 963 F.2d at 268 ("Even if we accept Ms. Scholar's statements as fact, she still had 76-83 days in which to preserve her legal rights; Ms. Scholar offers no explanation as to why this was not sufficient time in which to commence her action.")
[65] *Pace*, 544 U.S. at 408.

Report and Recommendation on Motion to Dismiss 11
*Mitchell v. Office Depot, Inc.*
Case 3:22-cv-00183-SLG-KFR Document 29 Filed 11/17/23 Page 11 of 12

presiding district court judge.[66] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[67]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[68] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[69]

---

[66] 28 U.S.C. § 636(b)(1)(B).
[67] 28 U.S.C. § 636(b)(1)(C).
[68] *Id.*
[69] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Report and Recommendation on Motion to Dismiss 12
*Mitchell v. Office Depot, Inc.*