# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CHANTEL MITCHELL,

        Plaintiff,

    v.

OFFICE DEPOT, INC.,         Case No. 3:22-cv-00183-SLG-KFR

        Defendant.

## ORDER RE FINAL FINDINGS AND RECOMMENDATIONS ON MOTION TO DISMISS UNDER 12(b)(6)

Before the Court at Docket 23 is Defendant's *Rule 12(b)(6) Motion to Dismiss*. The motion was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 29, Judge Reardon issued his *Findings and Recommendations on Motion to Dismiss Under 12(b)(6)* in which he recommended that the motion be granted. Plaintiff filed objections to the Findings and Recommendations at Docket 30 to which Defendant filed a reply at Docket 31.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." That statute also provides that the district court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or

recommendations to which objection is made."[1]  However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[2]

The magistrate judge recommended that the Court grant the *Rule 12(b)(6) Motion to Dismiss*.  On de novo review, the Court responds to Ms. Mitchell's objections as follows:

Plaintiff objects that the Magistrate Judge determined that the fact that Plaintiff tested positive for Covid-19 on July 16, 2022, then isolated for five days thereafter, when the limitations period ended on July 31, 2022, was not sufficiently extraordinary to warrant equitable tolling of the limitations period.   But this Court agrees with the Magistrate Judge that Ms. Mitchell has not presented sufficient facts that demonstrate that the five-day quarantine and her continuing symptoms she experienced after she returned to work precluded her from initiating this action before the deadline.  Ms. Mitchell states that she "believes that contracting the virus Covid-19 (that caused the pandemic) should constitute as proof" sufficient to excuse her late filing.[3]  But this Court disagrees and instead agrees with the Magistrate Judge and the numerous other courts that have addressed this issue that the Covid-19 pandemic does not automatically warrant equitable tolling;

---

[1] *Id.*

[2] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[3] Docket 30 at 5.

Case No. 3:22-cv-00183-SLG-KFR, *Mitchell v. Office Depot, Inc.*
Order re Final Report and Recommendation
Page 2 of 4
Case 3:22-cv-00183-SLG-KFR   Document 32   Filed 12/19/23   Page 2 of 4

rather, a plaintiff must show that her illness was so severe that it rendered her unable to manage her affairs prior to filing deadline, thereby preventing her from timely filing her claim.[4]

Plaintiff also asserts that the Magistrate Judge misinterpreted her filings when he states, "by Plaintiff's own admission she was working during this period, attempting to hire an attorney, and conducting legal research."[5] On de novo review, the Court acknowledges that Ms. Mitchell was working full time, and also attempting to hire an attorney and conducting legal research during the approximate 75 days the clock was running before she contracted Covid-19; she then returned to full time work after her five-day quarantine ended in late July.

Plaintiff's assertion that she was able to return to work full time in late July after the five-day quarantine ended and before the 90-day deadline had passed is at odds with her assertion in her objections that she was totally incapable of filing her claim by the July 31, 2022 deadline.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff's stated intention from the outset to file her complaint during the last week of the deadline constitutes "evidence of procrastination," not evidence of diligent pursuit of one's

---

[4] *See* Docket 29 at 8 (collecting cases).

[5] Docket 30 at 5 (*citing* Docket 29 at 9).

Case No. 3:22-cv-00183-SLG-KFR, *Mitchell v. Office Depot, Inc.*
Order re Final Report and Recommendation
Page 3 of 4
Case 3:22-cv-00183-SLG-KFR   Document 32   Filed 12/19/23   Page 3 of 4

claims.⁶ But on de novo review, the Court agrees with the Magistrate Judge that planning to wait until the last week to file a complaint is not evidence of diligence.

For the foregoing reasons, on de novo review, Plaintiff's objections to the Magistrate Judge's report are all overruled. The Court has reviewed the balance of the *Findings and Recommendations on Motion to Dismiss Under 12(b)(6)* and agrees with its analysis. Accordingly, the Court adopts the Findings and Recommendations, and IT IS ORDERED that the *Rule 12(b)(6) Motion to Dismiss* is GRANTED. This case is DISMISSED. Further, because the complaint cannot be saved by any amendment, this dismissal is with prejudice.⁷

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 19th day of December, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

⁶ Docket 30 at 8 (*citing* Docket 29 at 10).

⁷ *See Dumas v. Kipp*, 90 F.3d 386, 292 (9ᵗʰ Cir. 1996) ("where amendment would be futile, a claim is properly dismissed with prejudice").

Case No. 3:22-cv-00183-SLG-KFR, *Mitchell v. Office Depot, Inc.*
Order re Final Report and Recommendation
Page 4 of 4
Case 3:22-cv-00183-SLG-KFR   Document 32   Filed 12/19/23   Page 4 of 4